# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 17, 2008 Session

## KIMBERLY POWELL v. COMMUNITY HEALTH SYSTEMS, INC., ET AL.

**Appeal from the Chancery Court for Bradley County**
**No. 05285     Jerri S. Bryant, Chancellor**

---

**No. E2008-005350COA-R9-CV - Filed January 2, 2009**

---

CHARLES D. SUSANO, JR., J., dissenting.

I cannot concur in the majority's conclusion – as stated by it – "that any documents retained by Ms. Sexton would be discoverable, as those would be records she made in conjunction with the regular course of business of the hospital." As the majority notes, the "information" that the plaintiff seeks was "gathered during an investigation [Ms. Sexton] undertook, apparently at the direction of the review committee, regarding an increased rate of post op[eration] infections." In view of this nexus to the peer review process, I think it is immaterial that, again in the words of the majority, "investigations [of post-operation infections] were also part of [Ms. Sexton's] normal job duties." As we noted in *Roy v. The City of Harriman*, E2007-00785-COA-R3-CV, 2008 WL 2579192 at *8 (Tenn. Ct. App. E.S., filed June 30, 2008), *Rule 11 perm app. pending*:

> With regard to the "regular course of business" exception, the parties agree, and it is clear from the record, that the subject document – the completed form sent by Dr. Bennett to PHP – was part of a peer review process undertaken by the insurer. Surely the legislature, in creating this exception to the peer review privilege, cannot have meant to exempt all documents prepared in the "regular course of *peer review* business," since such a broad exception would completely swallow the rule. *Instead, we interpret this provision as referring to documents prepared in the "regular course of business" independent of peer review processes. . . .*

("Peer review" and "Independent" emphasized in original; remainder of emphasis added.) Since the report was prepared as a part of, and *not* "independent of," the peer review process, the fact that Ms. Sexton's regular duties included the investigation of post-operation infections is, in my judgment, without significance. The pertinent statutory exception to the privilege – which exception is found at Tenn. Code Ann. § 63-6-219(e) (2004) – focuses on "records made in the regular course of

business by a hospital." It does *not*, in my judgment, abrogate the privilege against discoverability and admissibility, *see **Roy***, 2008 WL 2579191 at \*7, for a report regarding post-operation infections requested by and furnished to a peer review committee, just because the author of the report, as a part of her regular job duties, conducts investigations pertaining to the subject matter of the report.

I also disagree with the majority's second main conclusion, *i.e.*, that Ms. Sexton, the author of the report in question, is an "original source" under Tenn. Code Ann. § 63-6-219(e). There is nothing in the record indicating that Ms. Sexton had any first-hand independent knowledge of post-operation infections at the hospital. It is logical to assume – and I do so with a great deal of confidence – that Ms. Sexton received the information that found its way into her report from the *real* "original source[s]" such as other hospital employees, doctors and patients. To construe the "original source" exception as including hospital employees who prepare reports for a peer review committee of information *obtained from other sources* is to create a broad exception to the privilege that has the potential of eviscerating the privilege. I say this because I believe it is reasonable to assume that many of the submissions to peer review committees come from hospital employees who are asked to prepare a report because the subject matter of the report deals with the employee's regular duties. For this reason, I am not willing to interpret the"original source" exception as broadly as does the majority. I believe such a broad interpretation runs afoul of the purpose and intent of the statutory scheme crafted by the legislature. *See* Tenn. Code Ann. § 63-6-219(b)(1) (2004).

Accordingly, I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE